USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDY GATHER,                                    :        09 Civ. 979 (RJH)(HBP)

                Plaintiff,         :

-against-                                       :

NYS DIVISION OF MILITARY AND                    :
NAVAL AFFAIRS,

                Defendant.         :

                                   :

------------------------------------------------------------X

## STIPULATION AND ORDER OF CONFIDENTIALITY

      WHEREAS the parties to this action have made or may make requests, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, for the disclosure of certain information, documents and things that the parties deem confidential, privileged, proprietary, sensitive, relating to the privacy interests of non-parties, or protected from disclosure pursuant to federal, state or local law; and

      WHEREAS the parties agree that there is a need to protect the confidentiality of such information, documents and things; and

      WHEREAS the parties desire to expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality;

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES HERETO, AS FOLLOWS:

1. Information, documents or things produced or provided by the parties during the course of discovery may be designated "Confidential Material" at any party's discretion. Confidential Material may include, but shall not be limited to: (a) trade secrets or other non-public proprietary, strategic or commercial information, data or research of any party; (b) non-public information about any past, present or potential future employee of the New York State Division of Military and Naval Affairs, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to such individuals; and (c) any other document or information designated as Confidential Material in accordance with paragraph 5 of this Agreement.

2. For purposes of this Agreement, the term "Document" shall mean all written, recorded, or graphic material, in hard copy or electronic format, including, without limitation, deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits and memoranda of law that may quote, summarize or contain Confidential Material.

3. For purposes of this Agreement, the term "Producing Party" shall mean a party to this action (or counsel thereto and their agents) who produces Confidential Material or other information in connection with this litigation.

4. For purposes of this Agreement, the term "Recipient" shall mean a party to this action (or counsel thereto and their agents) who receives Confidential Material or other information in connection with this litigation.

5. To designate Documents as Confidential Material, the Producing Party shall place a legend or stamp stating "Confidential," or other similar designation, upon the Document indicating that it contains Confidential Material. To designate Confidential Material in testimony (or in exhibits referred to therein), the Producing Party shall either: (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time within 30 days of receipt of the transcript.

6. In the event that any party obtains information or documents from a third party that another party believes is confidential, any party may designate such information Confidential Material pursuant to this Agreement and such information or documents shall be treated in accordance with this Agreement.

7. The Recipient of Confidential Material shall use such information solely in connection with this litigation, and shall not disclose Confidential Material to any person except:

    a. the individually-named parties, in accordance with the procedures set forth in paragraph 8 of this Agreement;

    b. the Court and its officers (including stenographers), in accordance with the procedures set forth in paragraph 9 of this Agreement;

    c. counsel for the parties in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

    d. experts or litigation consultants engaged by counsel to assist in this litigation, in accordance with the procedures set forth in paragraph 8 of this Agreement;

e.  fact witnesses providing testimony by deposition or at any court proceeding in this case, in accordance with the procedures set forth in paragraph 8 of this Agreement.

8.  The Recipient of Confidential Material shall disclose such information to a person identified in paragraphs 7(a), 7(d) or 7(e) of this Agreement only after: (a) advising such person that, pursuant to this Agreement, he or she may not divulge such information to any other individual or entity, and (b) such person executes an acknowledgment of this Agreement in the form annexed hereto as Exhibit A. The executed acknowledgment shall be maintained by the Recipient, and a signed duplicate copy of the acknowledgment shall be furnished to the Producing Party either: (a) within 30 days of the conclusion of this litigation, by adjudication (including appeals) or otherwise, or (b) upon specific written request of the Producing Party, for good cause shown, at any time during the litigation, to enforce the terms of this Agreement.

9.  If a party intends to use Confidential Material in any document filed with the Court, such document shall either be: (a) filed under seal or (b) redacted to remove references to the Confidential Material.

10. Inadvertent failure to designate Confidential Material shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. Nothing contained in this Agreement shall be deemed to be a limit or waiver of the attorney-client communication privilege, the work product privilege, or any other relevant privilege. Furthermore, inadvertent production of privileged information shall not be construed

as a waiver in whole or in part. If privileged information is inadvertently produced, the Recipient shall, upon specific written request of the Producing Party, promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information in any database or computer filing system it maintains, and make no use of the privileged information.

12. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Material, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude DMNA from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Material is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Material except as necessary for purposes of this litigation.

13. If Recipient disclosures Confidential Material in a manner not authorized herein or becomes aware that any person identified in paragraphs 7(a), 7(d) or 7(e) has made such an unauthorized disclosure, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

14. This Agreement shall continue to be binding after the conclusion of this litigation, by adjudication (including appeals) or otherwise. Following the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall, upon specific written request, return to the Producing Party all Confidential Material, and all copies thereof, and any Documents incorporating such information. The Recipient shall return all such Confidential Material within 30 days of receipt of the Producing Party's request for the return of Confidential Material. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and attest in writing, under oath, that all such Confidential Material has been destroyed.

15. Nothing contained in this Agreement shall limit, modify or interfere with: (a) a Producing Party's use of his, her or its own information or information received or created during the normal course of its own business; (b) DMNA's disclosure obligations under the New York Freedom of Information Law ("FOIL"), N.Y. Public Officers Law Art. 6, and related state law, regulations and judicial decisions; or (c) the interpretation, application and implementation by DMNA, its public access officer, the State of New York or state entities or courts, of FOIL and related state law, regulations and judicial decisions.

16. Nothing contained in this Agreement shall be construed as waiver of any objections or privileges which may be asserted concerning the production and/or admissibility of any information, documents or things during discovery and/or at trial. Furthermore, nothing contained in this Agreement shall be construed to prejudice the right of any party to apply to the Court for further protection or disclosure in the area of discovery.

IN WITNESS WHEREOF, the undersigned hereby acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have executed this Agreement on the date indicated.

Dated:  Jersey City, New Jersey
November ___, 2009

JUDY GATHER
**Plaintiff Pro Se**
29 Bidwell Ave.
Jersey City, NJ 07305-4207
(201) 660-2388

Dated:  New York, New York   ANDREW M. CUOMO
November 18, 2009    Attorney General of the
State of New York
**Attorney for Defendant**
By:

JOEL GRABER (JG-3337)
Assistant Attorney General
Special Litigation Counsel
Litigation Bureau
120 Broadway - 24th Floor
New York, NY 10271-0332
(212) 416-8645
FAX (212) 416-6009
Joel.Graber@oag.state.ny.us

SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
2-5-10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
JUDY GATHER,                                    :       09 Civ. 979 (RJH)(HBP)

                Plaintiff,                      :

-against-                                       :

NYS DIVISION OF MILITARY AND                    :       ACKNOWLEDGMENT
NAVAL AFFAIRS,
                                                :
                Defendant.
                                                :

                                                :
-----------------------------------------------------------X
```

      The undersigned hereby acknowledges that he or she: (a) has read the Stipulation and Order of Confidentiality (the "Agreement") governing Confidential Material produced in the above-captioned action and understands the terms thereof; (b) agrees to be bound by the terms of the Agreement; (c) agrees, upon specific written request upon the completion of his or her involvement in the action, to return promptly to the Producing Party any and all copies of Confidential Material or attest in writing, under oath, that all Confidential Material in his or her possession has been destroyed; and (d) that if he or she is uncertain whether particular materials are subject to the terms of the Agreement, he or she will consider the terms of the Agreement applicable, unless and until one of the parties or counsel for one of the parties to the action advises otherwise.

 

_____
Signature

_____
Name (printed)

STATE OF NEW YORK      )
                                 : SS.:

COUNTY OF HUDSON                )

On this 20 day of JANUARY, 2010, before me personally came JUDY GANTER, to me known and known to me to be the same person(s) described in and who executed the foregoing instrument, and who acknowledged to me that [he she or they] executed the same.

_____
Notary Public
(Stamp and/or seal)

**MICHAEL YI**
ID# 2340138
NOTARY PUBLIC OF NEW JERSEY