```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JUDY GATHER,                        :

                 Plaintiff,         :    09 Civ. 979 (RJH)(HBP)

    -against-                       :    REPORT AND
                                         RECOMMENDATION
NEW YORK STATE DIVISION OF          :
MILITARY and NAVAL AFFAIRS,
                                    :
                 Defendant.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE RICHARD J. HOLWELL, United States District Judge

In March 2010, defendant served interrogatories and document requests on plaintiff. Plaintiff failed to respond to these discovery requests in a timely manner, and I conducted a tape-recorded telephone conference with the pro se plaintiff and counsel for defendant to discuss the matter. As a result of that conference call, I issued an Order dated May 24, 2010, in which I directed plaintiff to respond to defendants' interrogatories and documents requests no later than June 21, 2010. By letter dated July 9, 2010, counsel for defendant advised that plaintiff had still failed to respond to defendant's document requests.

Accordingly, by Order dated July 19, 2010 I again directed plaintiff to respond to the interrogatories and document requests that had been served by defendant in March, 2010. My July 19, 2010 Order provided, in pertinent part:

> No late than August 13, 2010, plaintiff is either to respond to defendant's interrogatories and document requests or show good cause why she has not yet done so. Alternatively, if plaintiff claims she has already responded to defendant's interrogatories, she is to provide me with a copy of her responses by that date. Although there is a strong preference in this Court for resolving lawsuits on the merits, if a party disobeys a discovery order without good cause, strong sanctions may be imposed, including an Order dismissing the complaint. See Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 853 (2d Cir. 1995) ("[D]iscovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.'"), quoting Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988). **ACCORDINGLY, PLAINTIFF IS WARNED THAT AN UNJUSTIFIED FAILURE TO COMPLY WITH THIS ORDER MAY LEAD TO THE DISMISSAL OF HER COMPLAINT, WITH PREJUDICE. SUCH A DISMISSAL WOULD PREVENT PLAINTIFF FROM EVER RE-ASSERTING HER CLAIMS.**

(Bold-faced, capitalized type in original.)

By letter dated September 10, 2010, I was advised by counsel for defendant that plaintiff has still not responded to the outstanding interrogatories and document requests. Accordingly, I issued a third Order on December 1, 2010 directing plaintiff to show cause in writing by December 27, 2010 why I should not issue a Report and Recommendation recommending the dismissal of her complaint with prejudice as a result of her

failure to comply with my two earlier discovery Orders.  My December 1, 2010 Order further provided:

> **PLAINTIFF IS WARNED THAT IF SHE FAILS TO RESPOND TO THIS ORDER, A REPORT AND RECOMMENDATION WILL BE ISSUED RECOMMENDING THE DISMISSAL OF THIS ACTION WITH PREJU-DICE.  IF THE REPORT AND RECOMMENDATION IS ACCEPTED BY JUDGE HOLWELL, IT WILL PREVENT PLAINTIFF FROM EVER REASSERTING THE CLAIMS CURRENTLY PENDING IN THIS COURT.**

(Bold-faced, capitalized type in original.)

To date, plaintiff has not responded to any of the foregoing Orders.  Because plaintiff has failed to comply with my discovery Orders for more than ten months and has failed to offer any explanation for her failure to do so, I respectfully recommend that her complaint be dismissed with prejudice.  Plaintiff commenced this action in forma pauperis; thus, it appears that she lacks substantial funds and that a financial sanction would be pointless.  In addition, by failing to provide discovery, plaintiff has impaired defendant's ability to litigate the case and this prejudice to defendant cannot be remedied by any sanction short of dismissal.  She has also been repeatedly warned that her complaint will be dismissed if she unjustifiably failed to provide the discovery as directed.  Finally, by her conduct, plaintiff has effectively abandoned this action.  All these factors weigh in favor of the dismissal of the complaint; there is not a single factor that suggests a lessor sanction is appro-

priate.  See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009)

Accordingly, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v) and 41(b), I respectfully recommend that the complaint be dismissed with prejudice as a result of plaintiff's unexplained and unjustified failure to comply with my discovery orders.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Richard J. Holwell, United States District Judge, 500 Pearl Street, Room 1950, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Holwell.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        April 6, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Judy Gather
29 Bidwell Avenue
Jersey City, New Jersey  07305

Joel Graber, Esq.
Assistant Attorney General
State of New York
24th Floor
120 Broadway
New York, New York  10271